IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CR-44-TCK |
| | ) | |
| GIANNI MONTAY MINNERS, | ) | Civil No. 10-CV-417-TCK-PJC |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 64), and supplemental motion (Doc. 68), filed by Defendant Gianni Montay Minners ("Defendant").

## I.      Background

Defendant was convicted by a jury of possessing a firearm and ammunition after a felony conviction and sentenced to 78 months imprisonment. The Tenth Circuit affirmed his conviction. *United States v. Minners*, 362 Fed. Appx. 931 (10th Cir. 2010).[1] By motion (Doc. 64), supplemental motion (Doc. 68), and addendum (Doc. 74), Defendant seeks to vacate his conviction pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").

The Court construes Defendant's § 2255 Motion, including the supplement and addendum, as raising seven grounds for relief. Defendant claims that his first attorney, Julia O'Connell ("Ms. O'Connell"), was ineffective because she: (1) made racial slurs toward him; (2) failed to advise him of his qualification for the "safety valve" in the United States Sentencing Guidelines ("USSG"); (3) failed to request a competency hearing; and (4) failed to accurately advise him regarding the possible guidelines ranges he would face upon pleading guilty or being convicted by jury. Defendant claims

---

[1]  The Tenth Circuit's decision sets forth the facts underlying Defendant's conviction.

that his trial attorney, Mr. Gregg Graves ("Mr. Graves"), was ineffective because he: (1) failed to present evidence or witnesses; (2) failed to sufficiently cross-examine the United States' witnesses; and (3) failed to request additional trial preparation time and conduct an adequate investigation following his appointment.  Defendant claims that both attorneys were ineffective for failing to file a motion to suppress the firearm.[2]

## II.   Analysis

In order to have his conviction set aside based upon ineffective assistance of counsel, Defendant must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that counsel's performance was deficient, which requires showing that "counsel's performance fell below an objective standard of reasonableness."  *Id.* at 687-88. Second, he must show that either Ms. O'Connell's or Mr. Graves' deficient performance prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 687, 694.  In addressing an ineffectiveness claim, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance."  *Id.* at 690.  In doing so, the court "should

---

[2] Defendant also raised two other grounds for relief – denial of his right to present an insanity defense and prosecutorial misconduct.  However, Defendant failed to raise these issues on direct appeal and has failed to demonstrate any exception to the general prohibition on claims not raised on direct appeal.  *See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) ("When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.") (internal quotations omitted).  Thus, these claims are procedurally barred.

recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

### A.     Ms. O'Connell

Defendant's four claims against Ms. O'Connell are without merit. First, Defendant has no factual support for his claim that Ms. O'Connell used any racial slurs, nor has Defendant shown that such alleged errors resulted in her deficient performance or prejudiced his defense. Second, Defendant has failed to demonstrate that he potentially qualified for the "safety valve" in USSG § 2D1.1. Defendant's guideline range was calculated by applying USSG § 2K2.1, which governs 18 U.S.C. § 922(g)(1) convictions. It was not calculated by applying USSG § 2D1.1, which governs federal narcotics offenses under Title 21. Thus, USSG § 2D1.1 did not have any potential applicability to Defendant's sentence. Further, the "safety valve" only applies if the defendant did not possess a firearm in connection with the offense, and this offense involved a firearm. Thus, there was no deficient performance or prejudice resulting from this alleged failure. Third, Defendant has presented no factual support for his assertion that he suffered from mental problems that should have caused Ms. O'Connell to request a competency hearing. Ms. O'Connell testified that, when she represented Defendant, he "clearly understood the nature and consequences of the proceedings" and was "able to assist [her] in his defense." (*See* O'Connell Aff. at ¶ 3, Ex. A to Resp. to § 2255 Mot.) Further, the Court directly observed Defendant during the sentencing proceeding and had no concerns regarding his mental competency at that time. Thus, there was no deficient performance or prejudice resulting from this alleged failure.

Defendant's chief complaint regarding Ms. O'Connell relates to her alleged failure to properly advise him of the potential sentences he could face in various scenarios. Specifically, Defendant contends that Ms. O'Connell's estimations included two enhancements that were not

ultimately imposed by the Court and that he would have pled guilty had he been properly advised.

This issue was raised by Defendant and his counsel during the sentencing hearing:

> MR. GRAVES:  . . . . And I would also advise the court after speaking with my
> client, we realized last night that the estimates that had been given him came out to
> something much higher. He feels that he would have accepted a plea if the estimates
> would have been accurate. I understand that's an issue for appeal, but my client
> asked that I bring that to the Court's attention to consider that in sentencing. There
> was an inclusion of four points that weren't included in the calculation here.
> THE COURT: Well, of course, part of the colloquy I have with any defendant if he
> wishes to plead to a count, is to let that person know that we don't know ahead of
> time what the calculation is going to be.  We can't tell anyone with certainty how the
> guideline calculation will come out.
> MR. GRAVES: I understand that and I advised my client of that, but I did tell him
> I would bring that issue up in the discussion.
> THE COURT: Hindsight is a wonderful thing.
> . . . .
> DEFENDANT:  And I wouldn't have took you on this chase, man, if I would have
> knew that my acceptance points would have gotten me 51 months, but she had me
> thinking - - you know, Julie O'Connell had me thinking that if I accept the early
> acceptance, I would be at 115 months, and trial is 120 months.

(Sent. Tr. at 4-5.)

Ms. O'Connell's advice regarding Defendant's possible sentences was not deficient in any

way.  Ms. O'Connell explained her advice as follows:

> I estimated his Base Offense Level under U.S.S.G. § 2K2.1 would be 20, due to one
> prior crime of violence or controlled substance offense.  I further opined he could
> receive a 4-level increase under § 2K2.1(6) for using or possessing the firearm in
> connection with another felony offense (assault with a dangerous weapon, his
> girlfriend as the victim).  In addition, I warned that a two-level increase under §
> 3C1.2 (reckless endangerment during flight) could arguably apply to the facts of his
> case, because the loaded gun had been thrown from a window and landed in close
> proximity to a police officer.  The total of these items is 26, which I estimated was
> the highest possible guidelines computation. . . . I told him that my estimate was a
> worst-case scenario . . . . I tell every client that my guidelines computation is merely
> an estimate, and that the judge makes the final decision.

(*See* O'Connell Aff. at ¶¶ 8, 11, Ex. A to Resp. to § 2255 Mot.)  Although not ultimately included

in the PSR or imposed by the Court, Ms. O'Connell was correct that these two enhancements were

4

potentially applicable and was prudent to advise Defendant of the outer parameters of his possible sentences. Even assuming Ms. O'Connell's calculations were wholly without factual or legal support, the Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4. F.3d 1567, 1570 (10th Cir. 1993). Thus, this alleged failure does not constitute deficient performance by Ms. O'Connell.

### B. Mr. Graves

Defendant's three claims against Mr. Graves are also without merit. First, with respect to Mr. Graves' decision not to call witnesses at trial, he explained that "[Defendant] did not identify any witnesses he wished me to call at trial, and [Mr. Graves'] investigation revealed no witnesses that were present during the events whose testimony would have supported our theory of defense." (Graves Aff., ¶ 5, Ex. B. to Resp. to § 2255 Mot.) Second, having observed the trial and reviewed the transcript, the Court finds that Mr. Graves adequately cross-examined the police officers regarding whether Defendant possessed the relevant firearm. Finally, with respect to Mr. Graves' failures to request additional time or adequately investigate prior to trial, Mr. Graves explained: "Despite the relatively short period of time between my entry of appearance and the jury trial, I had ample time to investigate the offense and prepare for trial, because the facts of the case were relatively straightforward." (Graves Aff., ¶ 3, Ex. B. to Resp. to § 2255 Mot.) Further, having observed Mr. Graves during this trial, the Court finds that Mr. Graves was adequately prepared and presented a logical, cohesive defense and closing argument. Defendant has failed to identify any specific facts or evidence that further investigation would have uncovered or any specific flaws in Mr. Graves' performance that additional preparation time would have cured.

### C. Suppression Motion

Defendant contends that both attorneys were deficient in failing to file a suppression motion based upon the officers' warrantless entry into one of the first-floor apartments of the quad-plex.[3] However, trial evidence revealed that Defendant was staying in the vacant apartment entered by the police illegally and without paying rent.  (*See* Trial Tr. at 22.)  Under these circumstances, counsel concluded that Defendant lacked standing to challenge the police officers' entry.  *See generally United States v. Curlin*, 638 F.3d 562, 566 (7th Cir. 2011) (holding that where the defendant had been evicted two weeks prior and had notice of such eviction, the defendant "lacked any objectively reasonable expectation of privacy in the premises") (collecting cases); *United States v. Ruckman*, 806 F.2d 1471, 1474 (10th Cir. 1986) (explaining that one can have no reasonable expectation of privacy where one has no legal right to occupancy).  In his § 2255 Motion, Defendant has offered no evidence to refute the trial evidence regarding his status as an illegal squatter in the apartment or otherwise cause the Court to question Mr. Graves' professional opinion that Defendant lacked standing to challenge entry into the apartment.[4]  Thus, Defendant has failed to demonstrate that a motion to suppress the firearm based upon an alleged illegal entry would have been meritorious, and the Court finds that neither attorney was deficient for failing to file such a motion.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required by the Sixth Amendment to file

---

[3] The gun was ultimately seized from the ground below a second-story window of the quad-plex, after it was thrown out the window by one of the men who fled up the stairs upon officers' entry and announcement of their presence.  It is unclear from Defendant's briefs what argument he believes counsel should have made in support of a motion to suppress.  Because Defendant focuses on the warrantless entry of the first-floor apartment, the Court assumes Defendant contends that counsel should have argued that seizure of the gun was "fruit" of the alleged illegal entry.

[4] In his Reply, Defendant stated he was "no squatter" and that he "lived with Ms. Whaley." (Reply in Support of § 2255 Motion, Doc. 80, at 2.)  This further supports that Defendant did not lawfully reside in the vacant apartment entered by the police prior to seizure of the firearm.

a meritless motion to suppress) (cited with approval in *Jackson v. United States*, 252 Fed. Appx. 918, 921 (10th Cir. 2007)).

## II.     Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## III.    Conclusion

Defendant's § 2255 Motion (Docs. 64, 68) is DENIED, and a certificate of appealability is denied.  Defendant's motion for hearing (Doc. 81) is DENIED.  A separate Judgment shall be entered.

DATED THIS 21st day of May, 2013.

_Terence Kern_

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

8